#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00168-RPM

JACQUELINE M. VANECH,

    Plaintiff.

v.

SETH D. HARRIS, Acting Secretary, U.S. Department of Labor,

    Defendant.

_____

### JOINT PROTECTIVE ORDER
_____

    The Acting Secretary of Labor for the Department of Labor, Defendant, along with Jacqueline Vanech, Plaintiff, requested that this Court enter this Protective Order pursuant to the provisions of Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11) and applicable regulations. It appears to the Court that entry of this Order, as agreed to by the parties, is appropriate.

    WITH THE CONSENT OF THE PARTIES, IT IS HEREBY ORDERED THAT:

    1.    All documents and responses produced or exchanged during discovery in the above-captioned proceeding (the "Lawsuit"), which contain "Confidential Information" as described below, shall be used only for this Lawsuit and for no other purpose. At the conclusion of this Lawsuit, by settlement, trial on the merits, exhaustion of appellate rights, or otherwise, the parties agree that Confidential Information in the possession of the Acting Secretary of Labor for the Department of Labor (the "Agency"), shall be maintained or destroyed pursuant to the requirements of the Federal Records Disposal Act, 44 U.S.C. §§ 2901 *et seq.*, and applicable

regulations promulgated thereunder, and any other applicable law.  At the conclusion of this Lawsuit, by settlement, trial on the merits, exhaustion of appellate rights, or otherwise, the parties agree that Confidential Information, including all copies of same, in the possession of Plaintiff, Plaintiff's counsel, or disclosed pursuant to paragraph 8, shall upon conclusion of the lawsuit be collected by Plaintiff's counsel and preserved by Plaintiff's counsel in a manner which is fully consistent with the terms of this Protective Order.  At the end of the litigation (including any appeals), counsel will not be required to return the material, but will destroy such documentation in accordance with the law firm's office procedures.

2. The Agency asserts that information and documentation related to personnel information about employees of the Agency and applicants for employment with the Agency, including, but not limited to, medical records and information, performance appraisals and disciplinary records of Plaintiff and all other current and former Agency employees, disclosed in the course of discovery in this case is entitled to protection from public disclosure under this Protective Order, and is, in some cases, further protected from disclosure by the Privacy Act, the Freedom of Information Act, and other applicable federal and state law, and shall be deemed "Confidential Information."  In addition, any documents or information that could expose individuals to adverse consequences such as identity theft or invasion of privacy (including individuals' addresses, phone numbers, Social Security Numbers, dates of birth, wages and compensation, medical information, credit check information, and background check information) or that contain information regarding Agency investigations, Agency processes and procedures, or other confidential business, commercial, financial or technical information of the Agency or of any other business examined in the course of Agency business, is also deemed

"Confidential Information."

3. Plaintiff asserts that information and documentation related to her medical records and information, and information that could expose individuals to adverse consequences such as identity theft or invasion of privacy disclosed in the course of discovery in this case are entitled to protection from public disclosure under this protective order.

4. The Parties shall use Confidential Information solely for the prosecution or defense of the instant Lawsuit and for no other purpose, except as provided below or as the Parties otherwise agree, in writing. Although this information is being disclosed in connection with this case, the information does not lose its confidential status. The Agency shall not be construed as having waived any privilege that protects this information from disclosure. This Agreed Protective Order ("Order") is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the District Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality of any such document or information.

5. Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the first page of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Such designation shall not be used on documents or information that are or were in the public domain prior to disclosure in this Lawsuit or that lawfully become public knowledge other than by an act or

omission of the receiving party or its agents, experts, and attorneys. Designation of a discovery response or document as subject to the terms of this Order shall be made by clearly marking the document "CONFIDENTIAL" on every page of the document, or on the first page of any multipage documents, in a conspicuous location. With respect to documents, information, or data produced in a format in which imprinting the word "CONFIDENTIAL" is impractical (e.g., electronically stored information), the designation as confidential shall be made by giving written notice to opposing counsel designating such documents, information, or data as "CONFIDENTIAL."

     5.    Unless required by law, no Confidential Information subject to this Agreed Protective Order shall be disclosed, made available, given, or shown to any person other than the Plaintiff, District Court Judge, Magistrate Judge, the District Court's staff and any appellate bodies, except the following (all of whom are defined as "Qualified Persons"):

    a.    Legal counsel for each party and the secretarial, clerical, and paralegal staff of each;

    b.    Court reporters and staff;

    c.    Employees of firms providing courier, copying, or litigation support services;

    d.    Persons other than legal counsel who have been retained or specifically employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research and their staff;

    e.    Deponents during the course of their depositions or potential witnesses to the case;

    f.    Witnesses who previously received or created the document containing Confidential Information or who were or are employed by the entity that created it; and

        g.      Personnel who are involved in trial preparation for the Complainants or Respondent.

6.     The designation as "CONFIDENTIAL" only affects how the receiving party or receiving party's counsel handles such documents or information. That is, the designation does not affect how the party or party's counsel who produces the document or information handles such documents or information apart from designating such documents or information as Confidential pursuant to this Protective Order. This designation as "CONFIDENTIAL" does not impact procedures or obligations related to filing through the CM/ECF system. A party desiring to file any documents or information designated as Confidential by the opposing party must confer before filing.

7.     This Agreed Protective Order shall not be deemed a waiver of:

        a.      any party's right to object to any discovery request on any ground;

        b.      any party's right to seek an order compelling discovery with respect to any discovery requested;

        c.      any party's right to object in this Lawsuit to the admission of any evidence on any ground;

        d.      any party's right to use its own documents and its own Confidential Information or material in its sole and complete discretion; or

        e.      the status of any material as a trade secret, privileged, or otherwise protected from disclosure or production.

8.     Prior to disclosing any Confidential Information to any witness, legal counsel for Plaintiff or Defendant will inform the witness of the terms of this Agreed Protective Order and specifically instruct the witness that he/she is not permitted to further disclose the documents or information. Witnesses, other than Plaintiff and employees of the U.S. Department of Labor shall sign a copy of the certificate attached as Exhibit A before being shown documents or discovery responses designated as "Confidential." Plaintiff is not entitled to production of such

signed certificates to the extent the signed certificates are protected from disclosure by the government informant's privilege or any other privilege or exemption provided by law. Confidential Information may be disclosed to a witness who will not sign Exhibit A only in a deposition at which the party who designated the information as Confidential is represented or has been given notice that Confidential Information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 9, below.  This provision does not apply to any witnesses who will receive or be shown Confidential Information that pertains solely to himself or herself.

9. During any depositions in this litigation, if any witness, examining attorney or defending attorney believes that the testimony given and/or to be given or the questions asked and/or to be asked include Confidential Information, the attorney or witness shall state on the record that the question or testimony includes Confidential Information.  Within ten (10) business days after receipt of deposition transcripts, either party may identify, in writing to the other party, the portions of the deposition transcripts containing references to Confidential Information.  The portions so identified and designated shall be maintained by counsel and the court reporter and his/her staff in such a manner as to prevent unauthorized disclosure. Deponents or witnesses may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to

the civil action. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

11.     The restrictions set forth herein shall also apply to copies, abstracts, summaries, notes, or other records derived from documents that contain Confidential Information to the extent these copies, abstracts, summaries, notes, or other records contain Confidential Information that could expose a specific individual to adverse consequences such as identity theft or invasion of privacy or that would reveal trade secrets or confidential business, commercial, financial, or technical information that is not in the public domain.

12.     Confidential Information shall not be disclosed or made available, in whole or in part, whether in writing or orally, to any third parties unrelated to this Lawsuit, except as required by any branch of the U.S. Government, the Freedom of Information Act, or any other

law, regulation, or order.

13. If Defendant discloses to Plaintiff a document or information that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such disclosure.

14. Nothing herein shall prevent disclosure beyond the terms of this Agreed Protective Order pursuant to an order of any Court with appropriate jurisdiction or consent of all parties and any related or affected third party.

15. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

ENTERED:
s/Richard P. Matsch

_____

Richard P. Matsch
United States Senior District Court Judge

Dated: August 1st, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-00168-RPM

JACQUELINE M. VANECH,

      Plaintiff.

v.

SETH D. HARRIS, Acting Secretary, U.S. Department of Labor,

      Defendant.

_____

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**
_____

      I, _____ the undersigned, hereby declare that:

      I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

      I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

      As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Executed on _____  _____

                                           (Date)

DATED _____